UNITED STATES of America, Plaintiff–Appellee,

v.

Roberto DELGADO, Defendant–Appellant.

No. 12–11131
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 2012.

Suzan Hill Ponzoli, Kathleen Mary Salyer, Wifredo A. Ferrer, Marton Gyires, Armando Rosquete, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Michael Caruso, Federal Public Defender, Vanessa Louise Chen, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before PRYOR, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Delgado appeals his sentence of 13 months of imprisonment following the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Delgado argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Delgado to 13 months of imprisonment. Delgado admitted violating a term of his supervised release by being arrested and charged in a Florida court for battery. *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir.2006). The district court sentenced Delgado to a term within the advisory guideline range, which we ordinarily expect to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court reasonably determined that Delgado's past offenses and inability to comply with the terms of probation required that he serve a term of imprisonment to punish him adequately, deter similar future conduct, and protect the public. *See* 18 U.S.C. § 3553(a). Delgado entered the United States in 1994. In 1995, after he was convicted in a Florida court of burglary and grand theft, Delgado failed to complete a deferred prosecution program and then violated his probation. Between 1996 and 2002, Delgado was convicted of burglary, grand theft, criminal mischief, petit theft, resisting a merchant and burglary, and resisting arrest without violence, and he was charged, but not prosecuted, for seven other offenses. Delgado's sentence is reasonable.

We **AFFIRM** Delgado's sentence.